**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., | No. CV 07-827-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Adiba Mahroom; Majid Mahroom; Linda Mahroom; Laila Mahroom; Roxanne Mahroom; Dianne Mahroom, | |
| Defendants. | |

Plaintiff has moved this Court for a Temporary Restraining Order ("TRO") seeking to have this Court require Defendants, who formerly properly operated a Best Western motel, to remove all Best Western marks from Defendants' property. Defendants oppose the request for TRO on several grounds including the California Franchise Relations Act and the *Younger* abstention doctrine. On May 2, 2007, this Court held a hearing on the motion for TRO. Prior to the hearing this Court required the parties to come to the hearing prepared to discuss the first-to-file rule.

**California Litigation**

On April 4, 2007, Defendants sued Plaintiff in California state court. On April 26, 2007, Defendants served Plaintiff in the California state court case. On April 30, 2007, Plaintiff removed the California state court case to Federal Court (the Federal District Court for the Northern District of California).

**Arizona Litigation**

On April 19, 2007, Plaintiff filed this case. On April 26, 2007, Plaintiff filed the pending motion for TRO. Defendants are specially appearing to oppose the TRO. Plaintiff admitted at oral argument that Defendants have not been served.

**First-To-File Rule**

> 'There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.' *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-5 (9th Cir.1982). This doctrine, known as the first-to-file rule, 'gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction.' *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir.1993). The rule 'serves the purpose of promoting efficiency well and should not be disregarded lightly.' *Church of Scientology of California v. United States Dep't of Army*, 611 F.2d 738, 750 (9th Cir.1979). ...
> In applying the first-to-file rule, a court looks to three threshold factors: '(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues.' *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D.Cal.2003). If the first-to-file rule does apply to a suit, the court in which the second suit was filed may transfer, stay or dismiss the proceeding in order to allow the court in which the first suit was filed to decide whether to try the case. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 622 (9th Cir.1991). 'Circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit and forum shopping.' *Id.* at 628 (internal citations omitted).
> [Another] exception to the first-to-file rule is when 'the balance of convenience weighs in favor of the later-filed action.' *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D.Cal.1994). This is analogous to the 'convenience of parties and witnesses' under a transfer of venue motion, 28 U.S.C. § 1404(a). *Med-Tec Iowa, Inc. v. Nomos Corp.*, 76 F.Supp.2d 962, 970 (N.D.Iowa 1999); *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 133 (S.D.N.Y.1994). The court with the first-filed action should normally weigh the balance of convenience. *Alltrade Inc.*, 946 F.2d at 628.

*Intuitive Surgical Inc., v. California Institute of Technology*, 2007 WL 1150787, *2 (N.D. Cal. April 18, 2007).

In this case, the California litigation was first filed. Thus, this Court must determine whether, as the court with the second filed suit, it should defer to the California court under the first-to-file rule. With respect to chronology, this Court finds that the California litigation was filed 15 days before this case and is the first-filed litigation. Further, because Defendants have not yet been served in this action, the California case is internally proceeding ahead of this case.

1   Next the Court must consider whether there is a similarity among the parties. As
2   discussed at oral argument, the parties to the Arizona litigation include Adiba and Majid
3   Mahroom, who are the original owners of the motel in question, their four children, and Best
4   Western. The parties to the California litigation are only Mr. and Mrs. Mahroom and Best
5   Western. Therefore, Best Western argues that the parties are not identical.[1] The sole reason
6   for Best Western naming the children in the Arizona litigation is that Best Western has some
7   evidence that the children have acquired some interest in the motel in question.[2] It is
8   undisputed that the children are not parties to the contract between Best Western and Mr. and
9   Mrs. Mahroom.[3]

10  In the California case, Mr. and Mrs. Mahroom are seeking (among other things) a
11  declaration of their rights under the Best Western contracts and whether Mr. and Mrs.
12  Mahroom have the right to continue to use the Best Western marks for this property. By Best
13  Western's own theory of why the children are proper parties to the Arizona litigation,
14  specifically that they are somehow receiving the benefits of using the Best Western marks
15  as owners of the property, then the children are also beneficiaries of the California litigation
16  by having the right to use the mark on the property resolved. Thus, this Court finds that the
17  addition of the children does not change the similarity of the parties between the Arizona and
18  California litigations because, if the children are in fact partial owners of the property there
19  will be benefits and burdens conferred on them exactly the same in both litigations.

---

[1] The parties dispute whether under Ninth Circuit law the lawsuits must be identical or only substantially similar. As quoted above in the legal standard, this Court agrees with Defendants that the litigations need only be substantially similar and not exactly identical. This result logically follows to prevent a litigant from unnecessarily adding a party or claim in a case involving the same transaction or occurrence solely to defeat the first-to-file rule.

[2] The Court is unclear how reliable this evidence is because Defendants assert that one of the children is deceased.

[3] Best Western argues that the children are nonetheless bound by the contract because at least one of the children corresponded with Best Western about the property. The Court finds this argument unpersuasive.

Conversely, if the children are not in fact partial owners of the party, they were not properly named as defendants in the Arizona litigation.[4]

The final prong the Court considers in determining whether the first-to-file rule applies is similarity of the issues. At oral argument, the counsel for Best Western conceded that all of the claims in this litigation could be brought as counterclaims to the California litigation. However, counsel argued that the Mahrooms should have to bring the claims they raise in the California litigation as defenses to this litigation. The Court finds this argument to basically be an admission that the claims are the same.[5]

Specifically, in the California litigation, the Mahrooms argue that Best Western should be governed by the California Franchise Relations Act and that Best Western has breached certain provisions of that statute. In the Arizona litigation, Best Western claims venue lies in Arizona based on a forum selection clause in the contract;[6] defendants argue that Best

---

[4] At oral argument counsel for Best Western conceded that in Best Western's contracts, an owner of a property cannot transfer ownership of the property without Best Western's consent. Further, Best Western conceded that only the parents signed the contracts as owners and that Best Western never consented to any transfer of ownership to the children. Therefore, if such transfer occurred, the Court is not yet convinced that Best Western is bound by the transfer.

[5] From oral argument on May 2, 2007:
Court: "The other claims that you're asserting in this action, Lanham Act and so forth, could be asserted as counterclaims in the California action."
Counsel for Best Western: "No, Your Honor. I - - I guess they could be asserted, but I think that - - I would look at it the reverse. I think that if the defendants here want to assert that their membership agreement was terminated wrongfully, that could be a defense to this action. ..."
This argument highlights the policy behind the first-to-file rule. When two litigations involving the same parties and issues are proceeding simultaneously, to promote judicial efficiency and economy, one litigation must give way to the other litigation. Comity dictates that the second-filed court should defer to the first-filed court.

[6] Notably, since it is undisputed that the children did not sign the contracts with a forum selection clause, it is unlikely that the forum selection clause would apply to the children. Therefore, although Best Western argues that it has claims against the children independent of the contracts, namely that as owners of the property they are wrongfully using

Western is governed by the California Franchise Relations Act, which voids forum selection clauses. Therefore, the claim in the California litigation and the defense in the Arizona litigation are identical on this issue. Additionally, on the merits, in the California litigation the Mahrooms claim that Best Western did not properly terminate their relationship under both the contracts and the California Franchise Relations Act. In the Arizona litigation, the Mahrooms defend the request for TRO on the merits arguing that the contracts were not properly terminated and that they should be allowed to continue to use Best Western marks.

The only specific distinction between the litigations noted by Best Western (and not addressed by Defendants) is that in the Arizona litigation Best Western seeks to have the signs removed. However, in the California litigation the Mahrooms seek to continue to use Best Western marks for internet advertizing, they do not specifically seek to keep the signage. The Court does not find this distinction to be a different "issue" that would make the issues not similar for purposes of the first-to-file rule. Instead, this distinction is a different remedy, which necessarily flows from who prevails on whether the contracts were properly terminated and whether the Mahrooms can continue to use the marks. That issue is squarely brought, as either a claim or defense, in both litigations.

Therefore, the Court finds that all of the elements of the first-to-file rule are met in this case. As discussed above, there are circumstances in which a court can exercise discretion to decline to apply the first-to-file rule. Those include when the first filed action was filed in bad faith, was an anticipatory suit, or was filed as part of forum shopping. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir.1991). Best Western has not argued that any of these exceptions to the first-to-file rule apply in this case.

The other recognized exception to the first-to-file rule is the balance of convenience, which Best Western argues favors Arizona in this case. *See Ward v. Follett Corp.*, 158

---

Best Westerns marks, for Best Western to pursue the children on these theories, (it being undisputed that neither the children nor the property is in Arizona), it appears at this point in the record that venue and personal jurisdiction over the children would lie in California.

F.R.D. 645, 648 (N.D.Cal.1994).[7] Normally, the court with the first-filed action should weigh the balance of convenience. *Alltrade Inc.*, 946 F.2d at 628; *see also Intuitive Surgical, Inc. v. California Institute of Technology*, 2007 WL 1150787, *3 (N.D. Cal. April 18, 2007) (second filed Court holding "As stated above, the court in the first-filed action should decide whether there is an exception to the first-to-file rule. Therefore, this Court will not address Intuitive's arguments that Caltech engaged in forum shopping, or that a balancing of convenience factors weighs in favor of litigating in Northern California. The Court defers to the Eastern District of Texas to decide the appropriate forum and whether an exception to the first-to-file rule is applicable."); *Inherent.Com v. Martindale-Hubble*, 420 F.Supp.2d 1093, 1102 (N.D. Cal. 2006) (second-filed court transferring case to jurisdiction where first-filed suit was pending); *Sony Computer Entertainment America, Inc., v. American Medical Response, Inc.*, 2007 WL 781969, *4 (N.D. Cal. 2007) (first-filed court, after considering exceptions to the first-to-file rule and finding no exception, kept the case).

In this case, this Court finds no reason to deviate from the normal rule, as articulated by the Ninth Circuit Court of Appeals and applied by the California district courts, that the first-filed court should consider the exceptions to the first-to-file rule. Therefore, this Court defers to the Northern District of California to decide the appropriate forum and whether an exception to the first-to-file rule is applicable. As a result, this Court will not proceed to consider the merits of the request for TRO because this Court is the second-filed court.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's application for Temporary Restraining Order (Doc. #7) is denied, without prejudice to Plaintiff either seeking such restraining order in the

---

[7] Courts outside the Ninth Circuit have found additional exceptions to the first-to-file rule. For example, in the Eastern District of Pennsylvania, the Court recognized the following exceptions to the first-to-file rule: "1) bad faith, 2) a party anticipatorily filed to avoid a less favorable forum, 3) forum shopping motivated original filing; 4) second filed case had developed further than the original, or 5) extraordinary circumstances." *Hanover Fire & Casualty Insurance Company v. Sieron*, 2007 WL 1200058, *2 (E.D. Pa. 2007).

California litigation or re-moving this Court for a Temporary Restraining Order if the California Court declines jurisdiction and/or venue over the California action.[8]

DATED this 3rd day of May, 2007.

*James A. Teilborg*
United States District Judge

---

[8] At oral argument, there was some discussion of whether this Court might dismiss or stay this litigation based on the first-to-file rule. At this point, it does not appear on this record that defendants have been served, nor have they answered or otherwise responded to the complaint by seeking dismissal, stay or transfer. Therefore, at this point the only issue before the Court is the request for Temporary Restraining Order, which the Court has resolved. Plaintiff shall proceed with serving Defendants and Defendants may respond to the complaint in any way they deem appropriate.