**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Best Western International Inc., an Arizona non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Adiba Mahroom; Majid Mahroom; Linda Mahroom; Roxanne Mahroom; Laila Mahroom; Dianne Mahroom,<br><br>　　　　　Defendants. | No. CV 07-00827-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Adiba and Majid Mahroom's ("Defendants") motion for attorneys' fees and costs (Doc. # 56). On December 3, 2007, Best Western International, Inc. ("Plaintiff") filed a response in opposition to the motion. Defendants filed a supplemental memorandum in support of the motion (Doc. # 58) on December 28, 2007. The Court now rules on the motion.

**I. BACKGROUND**

Defendants own a motel in Seaside, California that they have operated as a Best Western since 1975. (Doc. # 56 at 2.) The parties entered their most recent membership agreement in 1994. *Id.* Plaintiff alleges that this relationship was terminated in 2006. *Id.* at 3. Plaintiff filed suit in this Court on April 19, 2007, alleging that Defendants had violated the 1994 agreement and infringed Plaintiff's trade name and marks by continuing to use "signs and/or collateral items" at their motel after the agreement was terminated. *Id.*

1	When Plaintiff filed the aforementioned suit, it had not yet been served with notice
2	of the breach of contract suit that Defendants had filed on April 4, 2007 in California. (Doc.
3	# 57 at 2.) After Plaintiff removed that suit to the Northern District of California, Judge
4	Fogel entered an order on July 23, 2007 finding that venue for the parties' dispute belonged
5	in California. (Doc. # 56 at 3.) This Court granted Defendants' motion to dismiss Plaintiff's
6	Arizona claim on October 31, 2007. (Doc. # 51.) Defendants filed the instant motion on
7	November 14, 2007, seeking attorneys' fees under sections 12-341.01 and 12-349 of the
8	Arizona Revised Statutes. (Doc. # 56 at 2.)

9	Neither party disputes that this action arises from a contract and that Arizona law
10	controls. However, Plaintiff opposes Defendants' request for attorney's fees arguing that,
11	in the contract, Defendants waived any right recover fees. Plaintiff's waiver argument flows
12	from an indemnification provision of the contract. Plaintiff argues that by agreeing to
13	indemnify Plaintiff for any fees or assessments, Defendants de facto waived any right to a
14	recovery of attorney's fees. Basically, Plaintiff argues that if Plaintiff owed any fees,
15	Defendants agreed to pay such fees as the result of the indemnity, therefore, Defendants
16	would owe the fees to themselves via the indemnity. Thus, Plaintiff argues that any state law
17	right to recover fees Defendants may have had was waived by this indemnity provision.

18	Conversely, Defendants argue that the attorney's fees provision of the contract
19	controls and that, under Arizona law, Defendants are entitled to recover attorney's fees under
20	that provision. Plaintiff, however, continues to argue that only the indemnity clause, and not
21	the attorney's fees provision, should be considered by this Court in determining whether
22	Defendants may seek fees under this contract.

23	**II. LEGAL STANDARD**

24	As indicated above, the parties agree that Arizona law governs this attorney's fees
25	request. Generally, under Arizona law, "[i]n any contested action arising out of a contract,
26	express or implied, the court may award the successful party reasonable attorney fees."
27	A.R.S. § 12-341.01(A).

28

- 2 -

### III. DISCUSSION

#### A.     Unilateral Attorney's Fees Provisions

As indicated above, Plaintiff opposes Defendants request for attorney's fees. Preliminary, the contract between the parties contains a provision governing attorney's fees. That provision states:

> In the event that Applicant breaches any obligation to Best Western, Applicant is liable to Best Western for all attorney's fees, costs and expenses incurred by Best Western in connection with the breach or violation, whether or not suit is filed.

Doc. #35-2, page 7, ¶ 36.

Despite that fact that this provision seems to unilaterally permit only Best Western to recover fees, Defendants argue that the Court should read this provision as permitting either party to recover fees. Specifically, Arizona courts "will not infer a prohibition against the recovery of attorneys' fees to one party under [section] 12-341.01 simply because a contract contains a unilateral attorneys' fee provision favorable to another party." *Pioneer Roofing Co. v. Mardian Construction Co.*, 733 P.2d 652, 668 (Ariz. App. 1986). In fact, "when a contract has a unilateral provision permitting one party to recover attorneys' fees under certain circumstances, the other party may recover its fees pursuant to [section] 12-341.01(A)." *McDowell Mountain Ranch Community Association v. Simons*, 165 P.3d 667, 669 n.1 (Ariz. App. 2007).

Given these cases, the Court agrees with Defendants that the attorney's fees provision in this contract should be read to mean that the affirmative grant of the right to recover fees given to Best Western will not be read by negative implication to prohibit Defendants from recovering attorney's fees under the statute. Therefore, either side may seek attorney's fees in this case.

#### B.     Waiver

Next Plaintiff argues that even if either side may recover fees, Defendants in this case waived their right to recover fees in the contract. Specifically, Plaintiff argues that Defendants, "have waived any right that they may have otherwise had to request a fee award"

- 3 -

1 by virtue of the "Indemnification" provision in the Membership Agreement that they entered
2 with Plaintiff. (Doc. # 57 at 5.) They further maintain that Arizona law requires such
3 provisions to be "strictly enforced." *Id.* at 6. Defendants argue that the "Attorneys' Fees"
4 portion of the agreement, discussed above, trumps the indemnification provision. (Doc. #
5 58 at 4.) Defendants then conclude by arguing that the attorney's fees provision in this
6 agreement allows either side to recover fees because it is unilateral and under Arizona law
7 unilateral fees provisions allow either side to recover fees. *Id.* at 5. As indicated above, this
8 Court has already agreed with Defendants that the attorney's fees provision, standing alone,
9 permits either side to seek fees. However, Defendants offer no law or argument to support
10 their assertion that the attorney's fees provision should trump the indemnity provision.

11    Turning to the indemnification provision, it states:

12    Applicant shall indemnify, defend, and hold Best Western harmless . . . from any and all claims, demands, suits, actions, proceedings, loss, cause and
13    damages of every kind and description, including but not limited to any attorneys' fees and/or costs and expenses . . . arising out of, or contributed to
14    . . . by reason of any alleged act, omission, fault, mistake, or negligence of Applicant . . . in connection with or incident to the use, condition, or operation
15    of the Hotel . . . .

16 (Doc. # 35-2 at 7.)

17    Generally, "[i]ndemnity is an obligation by one party to make another whole for a
18 loss that the other party has incurred." 41 AM. JUR. 2D *Indemnity* § 1 (2008). It applies
19 "when one party discharges a liability which another rightfully should have assumed." *Id.*
20 The purpose and intent of an indemnification clause is generally to compensate the
21 indemnitee for some liability visited upon it by the wrongful actions of the indemnitor. Here,
22 Plaintiff brought the underlying action, and has not incurred such a liability. To consider
23 Defendants' fees motion in response to Plaintiff's action to be a wrongful act that visits
24 liability upon Plaintiff is a tortured construction that does not fit, in the Court's opinion, the
25 intent of the indemnification clause.

26    However, the Court need not reach whether the parties intent within the
27 indemnification clause was to preclude Defendants, Applicants in the contract, from

28

- 4 -

1 recovering attorney's fees, as Plaintiff argues; nor must the Court decide whether the
2 attorney's fees provision trumps the indemnification provision, as Defendants argue. The
3 Court need not reach these issues because, Plaintiff's argument regarding how to read the
4 indemnity provision, boiled down, is simply another unilateral attorney's fees provision.
5 Specifically, Plaintiff's argument would be, that the affirmative grant of the right to recover
6 fees vested in Plaintiff via the indemnity, would not extend to the Defendants. Because this
7 Court has already concluded that unilateral attorney's fees provisions are read bilaterally
8 under Arizona law, the Court will similarly (taking Plaintiff's argument as true that the
9 indemnity provision even covers this situation) read the indemnity provisions as allowing
10 either side to seek attorney's fees, not only Plaintiff via the indemnity.

### C. Successful Party

Having now determined that Defendants may seek fees under the contract, the Court will consider whether they are entitled to fees. To recover attorney's fees under the Arizona statute, the party seeking attorney's fees must be the "successful party." A.R.S. § 12-341.01(A). Under Arizona law, to determine whether a party is a successful party, the Court considers the "totality of the litigation." *All American Distributing Co., Inc. v. Miller Brewing Company*, 736 F.2d 530, 532 (9th Cir. 1984); *Nataros v. Fine Arts Gallery of Scottsdale*, 612 P.2d 500, 505 (Ariz. App. 1980). The Arizona Court of Appeals has concluded that "it is not always necessary to prevail on the merits of the underlying claim in order to be a 'successful party' under A.R.S. § 12-341.01." *Mark Lighting Fixture Co. v. General Elec. Supply Co.*, 745 P.2d 123, 128 (Ariz. Ct. App. 1986), *vacated on other grounds*, 745 P.2d 85 (Ariz. 1987), *citing Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025 (Ariz. 1985). The court further explained:

> It is apparent from the wording of [A.R.S. § 12-341.01] that our legislature intended to allow recovery of costs and attorney's fees when a party succeeds in the particular proceeding, which is the 'action,' without regard to whether the substantive allegations presented therein were disposed of at that time. There can be no doubt that when appellant's action in this case was dismissed without a judgment being entered against the appellees, they were the successful parties to that "action." It is not relevant under the terms of these

- 5 -

>statutes whether the dismissal, purported to be without prejudice, operates as a complete dismissal . . . or whether the underlying claim is still viable and will be determined in a subsequently filed action. The only relevant point is that the defendants were successful in the particular action in question.

*Id.* at 129.

Here, Plaintiff's action was dismissed because Defendants first filed an identical lawsuit against Plaintiff in another jurisdiction. (*See* Doc. # 51.) Plaintiff argues that the order dismissing the lawsuit "made no substantive findings of fact or law" and did not find improper venue or purpose; therefore, Defendants cannot recover attorney's fees. (Doc. # 57 at 7.) Defendants, conversely, contend that they "obtained the precise relief they sought from this court—an order dismissing this case," and point out that judgment was entered for them in the matter; therefore, Defendants are the successful party for purposes of recovering attorney's fees. The Ninth Circuit has held in an unpublished opinion that the defendant is a successful party under Arizona law when a suit is dismissed without prejudice. *Vecsel Partners v. Scottsdale Conference Ctr.*, 1994 WL 315631, *3 (9th Cir. June 28, 1994). The Court agrees with this logic, as it did in the order for Diane Mahroom's attorney's fees (Doc. # 54 at 3–4). *Mark Lighting* clearly held that the only relevant consideration is the resolution of the "action," and not the ongoing status of the substantive claim; here, the Court dismissed the case without entering a judgment against Defendants. Accordingly, Defendants are the successful party within the meaning of A.R.S. § 12-341.01.

### D.  **Appropriateness of Fees**

Under A.R.S. § 12-341.01, the Court *may* award reasonable attorney's fees. There is no presumption in favor of granting attorney's fees in contract actions; rather, it is a matter within the discretion of the Court. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1183–84 (Ariz. 1985). The *Warner* court enumerated six factors that courts must consider when deciding whether to award attorney's fees to a prevailing party: (1) the merits of the unsuccessful party's claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme

- 6 -

1 hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the
2 novelty of the issues; and (6) whether the award would discourage other parties with tenable
3 claims or defenses from litigating or defending legitimate contract issues for fear of incurring
4 liability for substantial amounts of attorney's fees. *Id.* at 1184. No single factor is
5 dispositive, and the Court must weigh all factors in exercising its discretion to award
6 attorney's fees. *Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. App. 1987).

7 The first factor is the merits of the unsuccessful party's claim or defense. Plaintiff
8 argues that its claims have significant merit in contract and trademark law. (Doc. # 57 at 9.)
9 Defendants argue that the action should never have been brought in Arizona because
10 Defendants had already filed a lawsuit on the matter in California and Plaintiff was not
11 allowed to file in Arizona under California law. (Doc. # 56 at 6.) The Court finds that this
12 factor does not weigh heavily in either direction due to: 1) the ongoing litigation that is
13 currently weighing the merits of the underlying claim, and 2) the applicability of Defendants'
14 merits arguments to the "avoidability" and "novelty" factors considered below.

15 The next factor is whether the litigation in question—in this case, the motion to
16 dismiss—could have been avoided. Plaintiff argues that they had not been served with the
17 complaint from Defendants' suit in California when they filed in the District of Arizona.
18 (Doc. # 57 at 10.) Defendants argue that Plaintiff could have avoided the motion to dismiss
19 by voluntarily dismissing the action after the California court found proper venue. (Doc. #
20 56 at 6.) While the Court agrees that the Plaintiff did not have notice, and was thus unaware
21 of Defendants' suit when it originally filed, it was still possible for it to avoid further costly
22 litigation when it learned that Defendants had already filed in another court by voluntarily
23 dismissing the claim in the District of Arizona. Accordingly, this factor weighs for the
24 Defendants.

25 The Court must next consider whether assessing fees in this instance will cause
26 extreme hardship to Plaintiff. Plaintiff argues that the precedent of a fee award would cause
27 them hardship because other terminated members could collect fees. (Doc. # 57 at 10.) Any

28

- 7 -

1 precedent arising from this case, however, would be limited to fee awards for the dismissal
2 of suits against California defendants who filed suit first in California. Plaintiff can easily
3 choose to limit even this narrow hardship simply by filing actions against such franchisees
4 in California, especially in light of the fact that this ruling has made them aware of the
5 California statute in question. Accordingly, the Court finds no extreme hardship to weigh
6 in Plaintiff's favor.

7 Additionally, Plaintiff in this case failed to file an affidavit proving hardship.
8 Therefore, the Court should not consider Plaintiff's hardship in determining whether to award
9 fees. *See Rowland v. Great State Insurance Co.*, 20 P.3d 1158, 1168, n. 7 (Ariz. Ct. App.
10 2001); *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1991) (party seeking
11 fees bears burden of proving entitlement to fees, except, on this prong, burden shifts to party
12 opposing fees to come forward with prime facie evidence of financial hardship, and that
13 evidence must be in the form of sworn testimony).

14 The next factor is whether Defendants won all relief sought in this court. Plaintiff
15 argues that Defendants have not received the damages and reinstatement that they ultimately
16 seek. (Doc. # 57 at 11.) But Defendants never asked *this* Court for either of those remedies;
17 rather, they asked for dismissal of Plaintiff's suit, which the Court granted. Accordingly, the
18 Court finds that this factor weighs in Defendants' favor.

19 The Court must next consider the novelty of the legal issues in dispute. Plaintiff
20 argues that obtaining a dismissal by first filing without service is novel, that the California
21 statute is "completely inapplicable," and that in an unreported case, *Best Western Int'l, Inc.
22 v. Govan*, 2006 WL 2523460, **5–6 (D. Ariz. 2006), another court held that Plaintiff can
23 litigate disputes against California members in Arizona. (Doc. # 57 at 11.) Defendants argue
24 that both the first to file rule and the rule regarding forum selection clauses are well settled
25 in the Ninth Circuit (Doc. # 58 at 8–9), citing *Church of Scientology v. U.S. Dept. of the
26 Army*, 611 F.2d 738 (9th Cir. 1979) and *Jones v. GNC Franchising*, 211 F.3d 495 (9th Cir.
27 2000). Defendants also argue that *Govan* distinguished *Jones* by basing its decision on the
28

- 8 -

1  removal statute, 28 U.S.C. § 1441(a), rather than 28 U.S.C. § 1391, the venue statute at issue
2  in *Jones*. *Id.* While this explanation shows that the legal issues here were not trivial, it also
3  shows that binding Ninth Circuit precedent was available to the parties. Accordingly, this
4  factor weighs in the Defendants' favor.

5  Finally, Plaintiff argues that an attorneys' fees award here would discourage it from
6  filing contract and trademark claims against terminated members to protect its marks and
7  from accepting new California applicants. (Doc. # 57 at 11–12.) These arguments do not
8  address the *Warner* court's real concern, which was whether the decision would affect "*other*
9  *parties* with tenable claims and defenses" from litigating. *Warner*, 694 P.2d at 1184
10 (emphasis added). The effect in the first argument can be limited by pursuing actions against
11 terminated California members in California venues. The second argument is not a matter
12 for this Court to consider—it is a policy argument more appropriate for consideration by
13 California's legislature. The Court finds no reason that other parties with contract disputes
14 would be deterred from future litigation because of a fee award here, so this factor weighs
15 in Defendants' favor.

16 After considering the applicable factors, the Court finds that they favor an award of
17 attorneys' fees to the Defendant. Thus, such an award is appropriate in this case.

### E. Attorneys' Fees under A.R.S. § 12-349

19 Defendants assert that by refusing to voluntarily dismiss the case when both courts
20 found that venue properly belonged in California, Plaintiff "delayed and expanded this
21 litigation" in violation of A.R.S. § 12-349. (Doc. # 56 at 7.) Section 12-349 is a sanction
22 provision, and since Defendants allege no misconduct in their motion, the Court finds that
23 an award under this statute is not appropriate. *See Building Innovation Industries, L.L.C. v.*
24 *Onken*, 473 F.Supp.2d 978 (D. Ariz. 2007).

### F. Reasonableness of Fees

26 The final step in the attorneys' fees analysis is the reasonableness of the fees sought.
27 *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931–32 (Ariz. Ct. App. 1983). In the

1  original motion, Defendants sought approximately $20,000.00 in attorneys' fees. (Doc. # 56
2  at 2.)  In their supplement detailing the fees, Defendants specified that they were seeking
3  $17,845.00. (Doc. # 58 at 2.)  Plaintiff argues that the fees were "unnecessarily incurred"
4  because of Plaintiff's offer to stay this matter, and they are thereby unreasonable. (Doc. #57
5  at 13.)  Plaintiff offers no reason why the option of staying the matter was preferable to
6  dismissing it voluntarily.  It was entirely reasonable for Defendants to move for a dismissal
7  both to avoid the potential problem of litigating identical matters in multiple venues and to
8  expeditiously resolve the matter.  The Court finds that the legal work done in preparing the
9  motion to dismiss was necessary, that it was done by skilled attorneys, and that their hourly
10 fees were reasonable.  Thus, the Court finds the fees requested by Defendants to be
11 reasonable.

Accordingly,

**IT IS ORDERED** granting Defendants' motion for attorney's fees and costs (Doc. # 56 as supplemented at Doc. # 58).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in the amount of $17,845.00 in favor of Defendants Adiba and Majid Mahroom and against Plaintiff.

DATED this 19th day of May, 2008.

James A. Teilborg
United States District Judge

- 10 -